UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

PRISCILLA YOUNG                                                                                      PLAINTIFF

V.                                                                         CIVIL ACTION NO.3:19-CV-9-DAS

COMMISSIONER OF SOCIAL SECURITY                                                     DEFENDANT

FINAL JUDGMENT

This cause is before the court on the claimant's complaint for judicial review of an unfavorable final decision by the Commissioner of the Social Security Administration. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth Circuit. The court, having reviewed the administrative record, the briefs of the parties, and the applicable law and having heard oral argument, finds as follows, to-wit:

The plaintiff has raised two issues in this appeal. She alleges the ALJ erred in giving substantial weight to the opinions of the non-examining physicians in assessing her physical residual functional capacity because they did not have access to an MRI. The DDS physicians found the plaintiff could perform light work. A later MRI showed what an examining physician characterized as "prominent degenerative changes." The MRI is material to the determination of the plaintiff's physical RFC, and the only medical opinion of its functional impact is not consistent with the DDS's physician's findings. This case is remanded for reconsideration of the physical RFC. The reconsideration, at a minimum, shall include having a physician interpret the MRI and give an opinion on the plaintiff's physical functional capacity after such review.

The plaintiff also challenges the assessed mental RFC. The ALJ gave little weight to the opinions of Dr. Sison, a consulting examiner, and great weight to the evaluations of the non-

examining DDS consultants. Even so the ALJ found a mental RFC not consistent with the examining or non-examining statements. The ALJ also failed to include these non-exertional limitations in hypotheticals to the vocational expert. The case is remanded for reconsideration of the mental RFC. This reconsideration shall include asking a VE, either in a hearing or by written interrogatories, the extent to which the plaintiff's non-exertional limitations may preclude her from performing various jobs.

IT IS, THEREFORE, ORDERED AND ADJUDGED that this case is reversed and remanded for further proceedings consistent with the ruling of the court and this judgment.

SO ORDERED AND ADJUDGED this the 13th of November, 2019.

/s/ David A. Sanders
UNITED STATES MAGISTRATE JUDGE